UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MIKE'S FILTER & SUPPLY, INC.                CIVIL ACTION

V.                                          NO. 13-5251

UNITED STATES OF AMERICA                    SECTION "F"

ORDER & REASONS

Before the Court is defendant's motion to dismiss certain tax periods for lack of subject matter jurisdiction. For the reasons that follow, the motion is GRANTED in part and DENIED in part.

Background

This case involves a dispute over taxes, penalties, and interest assessed against the plaintiff by the Internal Revenue Service.

Plaintiff alleges that beginning in 2006 and continuing through 2009, the IRS made various errors in processing plaintiff's employment tax returns, which forced it to overpay its taxes and caused the wrongful assessment of penalties and interest. Specifically, plaintiff asserts that it overpaid its taxes for the periods ending on December 31, 2006, September 30, 2008, and December 31, 2008; and that the IRS wrongfully assessed penalties and interest for the periods ending on September 30, 2006, December 31, 2006, June 30, 2009, September 30, 2009, December 31, 2009, and

1

"other relevant tax periods."  Plaintiff filed, and the IRS denied, administrative refund claims for the periods ending on December 31, 2006, September 30, 2008, June 30, 2009, September 30, 2009, and December 31, 2009, and plaintiff then filed this lawsuit.  The United States now moves for partial dismissal based on this Court's lack of jurisdiction over certain tax periods.

                                I.

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a dismissal for lack of subject-matter jurisdiction. See Bombardier Aerospace Emp. Welfare Benefits Plan v. Ferrer, Poirot & Wansbrough, 354 F.3d 348, 351 (5th Cir. 2003).  A court may find that it lacks subject-matter jurisdiction based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).  The party asserting jurisdiction bears the burden of proof on a Rule 12(b)(1) motion to dismiss and must establish that jurisdiction exists.  Id. The plaintiff asserts that this Court has jurisdiction under 28 U.S.C. § 1346(a)(1), which allows a tax claimant to sue the United States in federal court for the recovery of any tax or penalty illegally assessed or collected, provided the claimant first files an administrative claim for the refund. 26 U.S.C. § 7422(a).

The United States contends that plaintiff failed to file administrative refund claims for the September 30, 2006 and December 31, 2008 tax periods, and, therefore, this Court lacks jurisdiction over plaintiff's claims for those periods. The United States also contends that this Court lacks jurisdiction over plaintiff's claims for the December 31, 2006, September 30, 2008, and December 31, 2008 tax periods, because the government has already abated the applicable penalties. The United States maintains that plaintiff has established jurisdiction only for the tax periods of June 30, 2009, September 30, 2009, and December 31, 2009. Finally, the United States contends that the Declaratory Judgment Act, 28 U.S.C. § 2201(a), bars declaratory relief in this case.

II.

A.

The United States first contends that this Court lacks jurisdiction over plaintiff's claims for the tax periods ending on September 30, 2006 and December 31, 2008 because plaintiff failed to file administrative refund claims for those periods. The Court agrees.[1] Plaintiff neither alleges nor presents any record evidence

---

[1] The Government also correctly contends that the Court lacks jurisdiction over the December 31, 2008 tax period based on plaintiff's failure to pay the relevant tax liability in full. See Flora v. United States, 357 U.S. 63, 68 (1958).

3

that it filed administrative refund claims for those periods.[2] The Court therefore lacks subject matter jurisdiction with respect to those claims.  26 U.S.C. § 7422(a).

*B.*

The United States also contends that this Court lacks jurisdiction over plaintiff's claims for the tax periods ending on December 31, 2006, September 30, 2008, and December 31, 2008, because no penalties remain for those periods.  The Court disagrees.  Although the record evidence shows that the government abated the penalties for those periods, that does not moot plaintiff's claims for tax refunds.  Because plaintiff properly filed administrative refund claims for taxes allegedly overpaid (as opposed to penalties wrongfully assessed) for the December 31, 2006 and September 30, 2008 tax periods, the Court has jurisdiction to consider those claims.[3]

*C.*

The United States next contends that the Court should dismiss plaintiff's claim for "other relevant periods" for lack of jurisdiction based on plaintiff's failure to establish a waiver of sovereign immunity. The Court agrees that plaintiff cannot

---

[2]   Plaintiff does allege that it filed administrative refund claims for the December 31, 2006 and September 30, 2008 tax periods.  Those claims are discussed below.

[3]   As discussed above, plaintiff did not file an administrative claim for, and so the Court lacks jurisdiction over, the December 31, 2008 tax period.

establish jurisdiction for unstated tax periods. See 26 U.S.C. § 7422(a); Finley v. United States, 612 F.2d 166 (5th Cir. 1980)(separate administrative refund claims required for each tax period in order to establish subject matter jurisdiction).[4]

*D.*

Last, the United States contends that plaintiff's prayer for "a Judgment herein in favor of Plaintiff and against Defendant, finding that Plaintiff is not liable" for various taxes and penalties constitutes an impermissible request for declaratory relief.  Although the Declaratory Judgment Act gives the federal district courts jurisdiction over declaratory judgment actions, it explicitly excludes actions "with respect to Federal taxes."  28 U.S.C. § 2201(a).  Because this case clearly involves federal taxes, the United States contends that this Court lacks jurisdiction to consider plaintiff's request for declaratory relief.  Plaintiff counters that it does not seek declaratory relief but rather "finality of its ongoing dispute with the IRS in all respects, including but not limited to abatement of erroneous penalties and accountability for all taxes paid (yet [that] remain unaccounted for) by the IRS."  Such an argument distorts the relief plaintiff plainly seeks.  To the extent that plaintiff requests declaratory relief, such relief is plainly barred under 28 U.S.C.

---

[4] However, the Court disagrees that it lacks jurisdiction over all tax periods other than those ending on June 30, September 30, and December 31, 2009, for the reasons explained above.

§ 2201(a).

Accordingly, the Government's motion to dismiss certain tax periods is GRANTED in part and DENIED in part.

                        New Orleans, Louisiana, February 12, 2014

                        _____
                            MARTIN L. C. FELDMAN
                        UNITED STATES DISTRICT JUDGE